IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**EDWARD L. HARVEY,**

      **Plaintiff,**

v.                                                                       Case N0. 3:10-cv-00724

**WEST VIRGINIA PAROLE BOARD, and**
**WEST VIRGINIA DEPARTMENT OF CORRECTIONS,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On May 10, 2010, Plaintiff Edward L. Harvey ("Plaintiff"), proceeding *pro se* and then incarcerated in the Stevens Correctional Center in Welch, West Virginia,[1] filed a Complaint in the above-captioned case and applied to proceed without prepayment of fees or costs against the West Virginia Parole Board and the West Virginia Department of Corrections ("Defendants"). (Docket Nos. 1 and 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.**     **Introduction**

On May 10, 2010, Plaintiff filed a Complaint and supplemental letter alleging the following wrongful acts by Defendants:

---

[1] Plaintiff discharged his sentence and was released from custody on May 29, 2010.

1

1. The West Virginia Parole Board "re-instated" Plaintiff's parole on June 8, 2006, but then "reversed" its decision on September 20, 2006. He instituted an action in this Court challenging the Parole Board's decision, but ultimately voluntarily dismissed the case when "an agreement was reached after 2 ¼ years admitting the reversal was wrong." *See Harvey v. Administrator, Western Regional Jail*, 3:06-cv000764 (S.D.W.Va. 2006).

2. The West Virginia Department of Corrections/West Virginia Parole Board denied Plaintiff "(day for day) (jail) (good time) credit" for his incarceration from April 5, 2006 through August 9, 2006.

3. The West Virginia Department of Corrections/West Virginia Parole Board refused to follow the Cabell County sentencing order directing that Plaintiff was entitled to 60 days of "jail credit" from May 1, 2002 to July 1, 2002.

4. The West Virginia Department of Corrections denied Plaintiff medical treatment concerning his eye problems and need for glasses, prostate problems and blood in stool for over a month, teeth and gum abscess for over a month, and need for sleep medications.

5. The West Virginia Department of Corrections denied Plaintiff the ability to "get even part time work to have any type of money for discharge," declined to transfer him so that he could "make any money for discharge," and denied "simple verification" of whether the facility would pay for a bus ticket after his discharge.

(Docket Nos. 2 at 4-5 and 3 at 1-2).[2]

Plaintiff states that his "mental stress level & nerves are at a breaking point" and he feels that he was "unjustly blackballed since [his] 2005 parole hearing & filing of petitions to courts overall." (*Id.* at 5). He requests to be transferred to serve his remaining term of 29 days. (*Id.*). He also requests "monetary punitive damages," but states that he cannot identify a specific monetary value. (*Id.*). He contends that the past 10 months were "very hard on [his] mental & physical health" and that he "truly [has] no idea just what kind of toll it has taken." (*Id.*).

---

[2] Plaintiff's letter states that his "civil law suit is being filed" because his "reinstatement" of parole was "reversed" and he was denied jail credit (grounds 1-3 stated above), but makes no mention of his alleged lack of medical treatment or the other claims raised in his Complaint (grounds 4-5 stated above).

## II. <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The Court must dismiss the case, or any part of it, if the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez,* 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Likewise, a Complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the Complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

This Court is required to liberally construe *pro se* Complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the Complaint still must contain sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely

presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. Analysis

In reviewing Plaintiff's Complaint and liberally construing the allegations in Plaintiff's favor, the undersigned concludes that Plaintiff's Complaint must be dismissed on initial screening for the reasons that follow.

### A. Plaintiff's Request for Injunctive Relief is Moot

In view of Plaintiff's discharge of his sentence and release from custody on May 29, 2010, Plaintiff's request for a transfer of custody is moot. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual. . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 694 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation. . . must continue throughout its existence. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 (1997).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569 F.2d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Lee v. Gurney,* 2010 WL 5113782, *11 (E.D.Va. 2010), citing *Incumaa v. Ozmint,* 507 F.3d 281, 287 (4th Cir. 2007). "Any declaratory or injunctive relief ordered in the

4

inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa v. Ozmint, supra* at 287.

Nevertheless, a plaintiff's claim should not be dismissed as moot if there is sufficient evidence to conclude that the action is "capable of repetition, yet evading review." *Lee, supra* at \*11; *see also Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515 (1911). Under this exception, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the "same complaining party would be subjected to the same action again." *Lane v. Williams,* 455 U.S. 624, 634 (1982), citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975); *Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449 (2007) ("capable of repetition" exception requires demonstrated probability that the same controversy will recur involving the same plaintiff). The plaintiff must make a reasonable showing "that he will again be subject to the alleged illegality." Mere conjecture that the plaintiff may return to a prison facility and again face the alleged wrong is not sufficient to meet the mootness exception. *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996).

In this case, Plaintiff does not challenge Defendants' policies as applied to all inmates or allege any type of continuing wrongs, but rather challenges specific practices that were applied to him, including alleged denial of jail credit, medical care, and the right to pursue employment. Plaintiff is no longer subject to this alleged wrongful treatment and there is nothing to suggest that Plaintiff will ever again be in custody and subject to the alleged treatment of the West Virginia Division of Corrections and West Virginia Parole Board. For that reason, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that (1) Plaintiff's discharge of his sentence and

release from custody render his request for injunctive relief moot and (2) the current circumstances do not support the conclusion that Plaintiff's claim for injunctive relief falls within the "capable of repetition, but evading review" exception to the doctrine of mootness.

### B. Defendants Are Not "Persons" Under 42 U.S.C. § 1983

Furthermore, as to Plaintiff's remaining request for damages, the undersigned finds that Defendants are not "persons" for purposes of 42 U.S.C. § 1983 and, therefore, they are immune from suit under the Eleventh Amendment of the United States Constitution.

Title 42 U.S.C. § 1983 provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a successful claim under § 1983, Plaintiff must demonstrate that a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. *Rendall-Baker v. Kohn,* 457 U.S. 830, 838 (1982). Here, Plaintiff cannot establish that the named defendants, the West Virginia Parole Board and West Virginia Department of Corrections, are "persons" for purposes of § 1983.

In addition, the Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any

suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Art. XI. The sovereign immunity created in this article protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 78 (1989); *see also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.")

It is well-established that the West Virginia Parole Board and West Virginia Division of Corrections are "arms of the State" of West Virginia and are not "persons" within the meaning of § 1983 for purposes of actions seeking money damages. *See, e.g., Mitchell v. Janice*, 2009 WL 4666010, *1, Fn. 3 (S.D.W.Va. 2009) ("[T]he West Virginia Department of Corrections is not a "person" as required by Section 1983"); *Reffitt v. Nixon,* 917 F.Supp. 409, 413 (E.D.Va.1996) (holding that the Virginia Parole Board and the Virginia Department of Corrections are arms of the state entitled to immunity from § 1983 suits).[3]

Consequently, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that (1) Plaintiff has not named as a defendant a "person" subject

---

[3] In addition, members of the West Virginia Parole Board and West Virginia Department of Corrections are immune from claims for damages under the Eleventh Amendment in their official capacity. *Will v. Michigan Dept. of State Police,* 491 U.S. at 7 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself"). Moreover, the members of the Parole Board are also absolutely immune from claims for damages in their individual capacity. *See, e.g., Pope v. Chew,* 521 F.2d 400, 405 (4th Cir. 1975) ("Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions.").

7

to suit under § 1983 and (2) the named defendants, as agencies of the State of West Virginia, are immune from suit pursuant to the Eleventh Amendment of the United States Constitution.

### C. Plaintiff's Allegations are Frivolous and Fail to State a Claim

Finally, even if Plaintiff substituted specific individuals as named defendants in this action, his claim for monetary damages would fail for the following reasons.

First, Plaintiff claims that his parole was improperly reversed and that he was denied jail credits are not cognizable under 42 U.S.C. § 1983. The Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 487 (1994) clearly established that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by showing that it was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." In this case, an award of damages to Plaintiff based on his claims that his parole was improperly reversed and that he was denied jail credits would necessarily imply the invalidity of his sentence. *See Husketh v. Sills,* 34 Fed. Appx. 104 (4th Cir. 2002)(the preclusive rule of *Heck* extends to parole decisions). Plaintiff has not established that his sentence has been reversed on direct appeal, expunged, or called into question by the issuance of a writ of habeas corpus; therefore, Plaintiff is foreclosed from raising these claims in a § 1983 action. *See also Edwards v. Balisok,* 520 U.S. 641, 645-47 (1997) (stating that §

1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition).

Second, regarding Plaintiff's claims that he was denied medical care, Plaintiff's Complaint fails to state allegations sufficient to support a threshold claim of an Eighth Amendment violation. In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the United States Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" However, the Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833, quoting *Rhodes v. Chapman,* 452 U.S. 337 at 347. Not every refusal or delay of medical care will translate into a "constitutional liability" for prison officials. *Id.* at 834. Instead, only those circumstances which deprive inmates of "the minimal civilized measure of life's necessities" are sufficiently inhumane to form the basis of an Eighth Amendment violation. *Id.*

For Plaintiff to sustain his Eighth Amendment claim, he must state factual allegations that support a reasonable conclusion that: (1) the delay or deprivation of his medical care was "sufficiently serious," when measured by an objective standard, and (2) the prison officials who delayed or denied his care had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety," when measured by a subjective standard. *Id.* The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

9

>drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. "In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

>Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See Id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, *supra* at 851-852. Moreover, an inmate is not entitled to unqualified access to health care, and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir. 1977).

Plaintiff's Complaint lacks sufficient facts to even minimally support a conclusion that Defendant's alleged failure to provide Plaintiff with prescribed glasses, sufficient treatment for his prostate problem, medications and treatment for his gum abscess, and sleep medication were "sufficiently serious" to place Plaintiff at a substantial risk of death or disability, or that the defendants acted with "deliberate indifference" to a serious medical need. Plaintiff claims that the "last (10) months have been very hard on his mental & physical health," but does not claim to have endured an injury or loss as a

result of the alleged lack of medical care. In *Strickler v. Waters,* 989 F.2d 1375 (4th Cir. 1993), the United States Court of Appeals for the Fourth Circuit reaffirmed that evidence of a serious or significant physical or emotional injury resulting from the challenged condition is essential to support a prisoner's Eighth Amendment challenge to prison conditions. In the absence of a serious or significant injury arising from the challenged condition, plaintiff simply "has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Id.* at 1381. The Complaint fails to contain allegations objectively describing a serious deprivation of "basic human needs;" therefore, it fails to meet the first requirement set forth in *Farmer v. Brennan, supra.* This failure obviates the need to consider whether the Jail officials acted with sufficient indifference to satisfy the Amendment's state-of-mind requirement. *Strickler v. Waters, supra.* However, it should be noted that the Complaint lacks any contention that a particular jail official was aware of plaintiff's purported medical conditions, yet intentionally and knowingly denied necessary care. As discussed above, "deliberate indifference" to a medical need under 42 U.S.C. § 1983 requires a high degree of culpability, including knowledge of the severity of the situation and actual intent or reckless disregard of the substantial risk the situation poses to the inmate. Actual intent or reckless disregard are measured subjectively; therefore, Plaintiff should have identified at least one individual who (1) had actual or constructive knowledge that a lack or delay of immediate surgery posed a pervasive and unreasonable risk of injury to plaintiff; and (2) was deliberately indifferent to that risk. *See, e.g., Redemann v. Warden,* 2010 WL 3190786 (D. Md. 2010). Plaintiff's Complaint simply does not meet the threshold elements necessary to sustain a valid Eighth Amendment claim.

Third, Plaintiff allegations that Defendants would not allow him to work while in custody, refused to transfer him to another facility so that he could work, and refused to advise him if the correctional facility would provide him with a bus ticket at the time of his discharge fail to show a deprivation of his constitutional rights. It is well-settled that inmates do not have a liberty interest derived from the due process clause, nor do they have a property interest, in a specific job or any job at all while incarcerated. *See, e.g., Watts v. Morgan,* 572 F.Supp.1385, 1388 (N.D.Ill.1983); *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir. 1986) (per curiam) (prisoners have no constitutional liberty or property interest in prison employment); *Adams v. James,* 784 F.2d 1077-1079 (11th Cir.1986) (prisoners have no constitutional right to maintain a particular job). Likewise, inmates do not have a constitutional right to be confined to any particular institution or transferred to another facility with less restrictive conditions. *See Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Ange v. Paderick,* 521 F.2d 1066 (4th Cir.1975). Finally, Plaintiff enjoyed no constitutional right to verification of whether or not he would be provided with a bus ticket.

Therefore, for these additional reasons, Plaintiff's Complaint is frivolous, fails to state a claim, and should be summarily dismissed.

IV. **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** as follows**:**

1. Plaintiff's Complaint (Docket No. 2) be **DISMISSED, with prejudice,** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); and

2. Plaintiff's application to proceed without prepayment of fees or costs (Docket No. 1) be **DENIED** pursuant to 28 U.S.C. §1915(e)(2)(B).

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure,

Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendant, and any counsel of record.

**FILED:** July 11, 2011.

_____
Cheryl A. Eifert
United States Magistrate Judge