IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

EDWARD L. HARVEY,

              Petitioner,

v.                                              CIVIL  ACTION  NO.  3:10-0724

WEST VIRGINIA PAROLE BOARD and
WEST VIRGINIA DEPARTMENT OF CORRECTIONS,

              Defendants.

**ORDER**

      This matter was submitted to Magistrate Judge Eifert on May 11, 2010 for submission to the Court of her proposed findings and recommendation on the disposition of the issues presented in Plaintiff's Complaint. On July 11, 2011, the Magistrate Judge issued a report, recommending that the Complaint be dismissed with prejudice, and that Plaintiff's application to proceed without prepayment of fees or costs be denied. Plaintiff filed objections to the Magistrate Judge's report on August 19, 2011. [Docs. 8 & 10]

      Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a *de novo* review of any portion of the Magistrate Judge's report to which objection is timely made. As to those portions of the report to which no objection is made, the Magistrate Judge's report will be upheld unless it is "clearly erroneous" or "contrary to law." *See Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979) (citing 28 U.S.C. § 636(b)(1)(A)).

      The material facts need not be repeated here inasmuch as the Magistrate Judge has adequately detailed them in her report. Plaintiff's objections appear to take issue primarily with the

balance of the Magistrate Judge's resolution of his claims that he was refused certain prison credits and improperly denied parole.[1]

The Magistrate Judge first found that Plaintiff's request for injunctive relief was moot, and that he has not offered any facts suggesting that his claim falls within the "capable of repetition, but evading review" exception to the mootness doctrine. *See* Proposed Findings & Recommendation, at 6, No. 7. The Court finds no error with this conclusion. It is uncontested that Plaintiff is no longer in prison, and there is nothing in the facts suggesting that he will be in custody again.[2]

Second, the Magistrate Judge pertinently and appropriately concluded that an award of damages would "necessarily imply the invalidity of his sentence." *Id.* at 8. Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) a prisoner is not entitled to damages via 42 U.S.C. § 1983 where a judgment rendering as much would imply the invalidity of his conviction or sentence. The rule in *Heck* applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Of course, Plaintiff may obtain damages upon a showing that his sentence or conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* However, there is simply no error with the Magistrate Judge's conclusion that Plaintiff has failed to make this required showing, and the Court will not engage in further speculation as to his prospects for relief.

---

[1] The Court notes that the objections are very difficult to decipher. However, the Court was unable to uncover any materially significant and different allegations than those offered in the Complaint and Plaintiff's supplemental letter filed on May 10, 2011.

[2] From the record before the Court, Plaintiff does not appear to contend that he is still under an existing sentence of parole for his previous convictions.

In accordance with the reasoning set forth above, the Court **ADOPTS** and **INCORPORATES** the portions of the Magistrate Judge's report to which no objection is filed and **ADOPTS** and **INCORPORATES** the portions of the report to which Plaintiff objects. The Court **DISMISSES** the Complaint for substantially the same reasons set forth by the Magistrate Judge.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 26, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE